UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE WHITESTONE GROUP, INC.,

      Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

      Defendant.

Case No. 2:15-cv-962
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 5), and Plaintiff's Motion to File a Supplemental Complaint (ECF No. 14). For the reasons that follow, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's Motion to File a Supplemental Complaint is **GRANTED**.

### I. BACKGROUND

Plaintiff The Whitestone Group, Inc. ("Whitestone") initiated this lawsuit by filing a Complaint (the "Complaint" or "Compl."; ECF No. 1) on March 18, 2015. Whitestone is a private security contracting company that provides, among other services, armed security services to governmental entities. (Compl. ¶ 12.) National Union is a commercial liability insurance company. (*Id.* ¶ 2.) Pursuant to an insurance contract, effective March 7, 2011 to March 7, 2012, Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), provided liability coverage to Whitestone in the amount of $1,000,000. (*Id.* ¶ 3, Ex. 1.) The policy was renewed effective March 7, 2012 to March 7, 2013 for liability coverage in the same amount (collectively, the "Policies"). (*Id.* ¶ 5, Ex. 2.)

1

Clause 14 of the Policies governs dispute resolution between the parties and provides in relevant part:

> **14. DISPUTE RESOLUTION PROCESS**
>
> It is hereby understood and agreed that **all disputes or differences which may arise under or in connection with this policy**, whether arising before or after termination of this policy, including any determination of the amount of Loss, **must first be submitted to the non-binding mediation** process as set forth in this Clause.
>
> **The non-binding mediation will be administered by any mediation facility to which the Insurer and the Named Entity mutually agree, in which all implicated Insureds and the insurer shall try in good faith to settle the dispute by mediation in accordance with the American Arbitration Association's ("AAA") then prevailing Commercial Mediation Rules.** The parties shall mutually agree on the selection of a mediator. The mediator shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator shall also give due consideration to the general principles of the law of the state where the Named Entity is incorporated in the construction or interpretation of the provisions of this policy. In the event that such non-binding mediation does not result in a settlement of the subject dispute or difference:
>
> (a) either party shall have the right to commence a judicial proceeding; or
>
> (b) either party shall have the right, with all other parties consent, to commence an arbitration proceeding with the AAA that will be submitted to an arbitration panel of three (3) arbitrators . . .
>
> \* \* \*
>
> Notwithstanding the foregoing, **no such judicial or arbitration proceeding shall be commenced until at least ninety (90) days after the date the non-binding mediation shall be deemed concluded or terminated**. Each party shall share equally the expenses of the non-binding mediation.

(Compl. Ex. 1, Clause 14; Ex. 2, Clause 14 (emphasis added)).

In February 2012, two individuals filed an Equal Employment Opportunity Commission charge of discrimination against Whitestone after failing a pre-employment shooting range test and being denied employment (the "Claims"). (*Id.* ¶¶ 14-16.) In November 2012, the same

individuals filed a lawsuit against Whitestone in the United States District Court for the Southern District of Florida, styled *Rodriguez et al., v. The Whitestone Group, Inc.*, Case No. 1:12-cv-23974 (S.D. Fla. 2014) (the "Lawsuit"). The case was tried to a jury in February 2014 and a verdict was returned in favor of Whitestone. Post-trial motions concluded in favor of upholding the jury verdict. *Id*.

## II. STANDARD

A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). A Rule 12(b)(6) motion may be decided only after establishing subject matter jurisdiction since the Rule 12(b)(6) challenge becomes moot if this Court lacks subject matter jurisdiction. *Id* (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) (asserting that a motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction)).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). A facial challenge is an attack on the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. *Singleton v. United States*, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the

3

factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). In this case, the jurisdictional challenge is "rooted in the question of the factual existence of subject matter jurisdiction, in that Defendants do not appear to be attacking the merits of the Plaintiff's Complaint. Rather, Defendants are attacking the Complaint as premature for failure to exhaust an alleged contractual mediation requirement." *Gate Precast Co. v. Kenwood Towne Place, LLC*, No. 1:09-cv-00113, 2009 WL 3614931, at *2 (S.D. Ohio Oct. 28, 2009).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987) (en banc). In reviewing the dismissal, this Court must construe the complaint liberally in the non-movant's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). A "complaint need not set down in detail all the particularities of a plaintiff's claim," *Westlake,* 537 F.2d at 858, the complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S. Ct. 99. Thus, a 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. *Cheriee Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994).

### III. ANALYSIS

Whitestone alleges that it tendered the Claims and subsequently the Lawsuit to National Union and received a denial of coverage under the first policy and no decision on coverage under

the second, constituting a breach of the contracts. (Compl. ¶¶ 19-20.) Whitestone further alleges that, while the Policies provide for mediation, National Union has ignored and refused to respond to Whitestone's request for coverage and clarification regarding coverage. (*Id.* ¶ 24.) Whitestone seeks judgment from the Court declaring coverage is owed under one or both of the Policies as well as monetary damages in excess of $750,000. (*Id.* ¶ 28.)

National Union maintains that it has responded to Whitestone's inquiries on more than one occasion, pointing out that Whitestone did not request mediation until May 22, 2015, four days after filing the Complaint. In any event, National Union argues, Whitestone has failed to comply with a condition precedent to the Policies and therefore, the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or, in the alternative, Whitestone has failed to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6). National Union moves for dismissal on both grounds.

The only cases cited by National Union in support of either its 12(b)(1) or 12(b)(6) arguments within the Sixth Circuit are inapposite. In *R&R, Inc. v. Volvo Trucks N. Am., Inc.*, the Court held that it had subject matter jurisdiction but that the action was barred as a matter of law for failing to satisfy the condition precedent to mediate, contained within the agreement between the parties. No. 4:06-cv-287, 2007 WL 709780, at *3 (N.C. Ohio Feb. 28, 2007). *R&R, Inc.* cites to *Bill Call Ford, Inc. v. Ford Motor Co.*, in which the court similarly held a specific count barred due to failure to fulfill a condition precedent to suit by way of filing a protest with an internal administrative board. 830 F. Supp. 1045, 1053 (N.D. Ohio 1993), *aff'd* 48 F.3d 201, 208 (6th Cir. 1995). Neither case held, or even discussed, a lack of subject matter jurisdiction as a result of the failure to satisfy a condition precedent. Additionally, neither case is procedurally analogous—*R&R, Inc.* considered the matter post-advisory jury trial when issuing findings of

fact and conclusions of law, while *Bill Call Ford, Inc.* found the count barred at the summary judgment stage.

Whitestone responds that it did invoke the mediation process in a May 22, 2015 letter to National Union (ECF No. 14 ¶ 25, Ex. 3.), and that dismissal is not appropriate because: (1) should the mediation proceed, it is non-binding; and (2) National Union has waived or opted-out of the mediation provision by failing to respond. National Union maintains that it has not waived or opted-out of mediation and that enforcing Clause 14 would not unnecessarily delay resolution of the coverage dispute.

The Court notes that alternative dispute resolution is a favored practice, and that strong presumptions exist towards avenues other than lengthy and costly litigation. *See Gate Precast Co.*, 2009 WL 3614931, at *4 (ordering timely mediation but declining to stay or dismiss breach of contract claim where pre-litigation mediation provision governed dispute resolution). The Court similarly finds that Clause 14 requires the parties to mediate this matter before going to trial. The Court also finds that National Union has not waived or opted-out of mediation. Finally, the Court is persuaded that both parties prefer mediation, given National Union's request for dismissal in favor of mediation and Whitestone's request for the Court to order mediation (ECF No. 7, at 4.).

However, the Court does not find dismissal of this matter appropriate, noting that, pursuant to the Uniform Mediation Act, the mediation provided for under the Policies is non-binding. The Court also does not find a stay appropriate, noting that the mediation should not unduly delay resolution of this matter. As a result, the Court **ORDERS** the parties to mediate the dispute, pursuant to Clause 14 of the Policies, within **60 DAYS of the date of this order**.

The Court encourages the parties to contact the Magistrate Judge or the Undersigned should assistance with the mediation be desired.

### IV. CONCLUSION

The Court finds that cognizable claims have been pleaded in the Complaint, providing National Union with fair notice of the claims and the grounds upon which they rest. *See Conley*, 355 U.S. at 47. The Court also does not find dismissal for lack of subject matter jurisdiction appropriate or a stay necessary. Accordingly, National Union's Motion to Dismiss (ECF No. 5) is **DENIED**. Whitestone's Motion to File a Supplemental Complaint pursuant to Rule 15(d) (ECF No. 14) is **GRANTED**. The parties are **ORDERED** to complete mediation within **60 DAYS of the date of this order** and may utilize Court resources to that end.

**IT IS SO ORDERED.**

\_\_3-21-2016\_\_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**